# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Steven H.,**
**Petitioner Below, Petitioner,**

**vs) No. 15-0259** (Randolph County 13-C-52)

**David Ballard, Warden,**
**Mt. Olive Correctional Center,**
**Respondent Below, Respondent**

**FILED**

January 11, 2016
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Steven H., by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's February 23, 2015, order denying his amended second petition for post-conviction habeas corpus relief.[1] Respondent David Ballard, Warden, Mt. Olive Correctional Center, by counsel Laura Young, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that petitioner's first habeas counsel was not constitutionally ineffective.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1996, petitioner was convicted by a jury of three counts of third-degree sexual assault, four counts of incest, one count of second-degree sexual assault, and four counts of sexual abuse by a parent, guardian, or custodian for acts committed against a male child ("the victim"). In December of that year, petitioner was sentenced to a cumulative prison term of twenty-six to seventy-five years. In 1997, this Court refused petitioner's direct appeal of that conviction and sentence.

In 2000, petitioner, pro se, filed his first petition for writ of habeas corpus (Case No. 01-C-278), which was summarily denied, without prejudice, as insufficiently pled. In 2001, petitioner, pro se, refiled his habeas petition. The circuit court appointed attorney Dennis Willett

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

as petitioner's habeas counsel. In 2002, petitioner, by counsel Mr. Willett, moved for leave to amend petitioner's pro se habeas petition, and the circuit court granted that motion. At a subsequent status conference held later in 2002, the circuit court inquired as to why an amended habeas petition was not yet filed. Mr. Willet informed the circuit court that he sent a copy of a drafted amended petition to petitioner, who had not returned it. The circuit court dismissed the habeas action with leave to re-file finding that petitioner had voluntarily abandoned his habeas action at that time.

In 2004, petitioner sent a letter to the circuit court to inquire about the status of his habeas action. The circuit court reinstated the habeas action to "resolve these issues." In December of 2005, petitioner, by Mr. Willett, filed an amended habeas petition alleging constitutional violations based on (1) ineffective assistance of trial counsel, James E. Hawkins; (2) the trial court's ruling that allowed the State to introduce evidence of petitioner's alleged past sexual activity; (3) excessive sentence; (4) the trial court's denial of petitioner's motion for an expert to potentially combat the State's psychological expert; (5) defective indictment where the victim was incorrectly listed as the wrong gender; (6) petitioner's warrantless, public arrest; (7) threats made by the State to victim's mother, who was also petitioner's wife, that if she changed her story to help petitioner that she could be guilty of a crime and lose her child, the victim herein; (8) the trial court's ruling that allowed the State to introduce other bad act evidence against petitioner; and (9) the evidence did not support two of the counts of third-degree sexual assault. As to his ineffective assistance claim, petitioner argued that his trial counsel failed to properly meet with and advise him, failed to explain the law and possible defenses to him, failed to properly consider his mental and emotional state, and failed to properly investigate the matter before trial.

On January 23, 2007, the circuit court held an omnibus evidentiary hearing on petitioner's amended habeas petition. Petitioner testified on his own behalf. The victim's mother testified that she felt threatened by prosecutors not to change her story at trial, although she could not remember any specific statement or threat made by either of the two prosecutors who spoke with her prior to trial. She further testified that she did not remember what she testified about at petitioner's trial, which was eleven years before. The lead prosecutor, David Hart, testified that he did not threaten the victim's mother. Following limited testimony from petitioner's trial counsel, the circuit court stopped the proceedings and continued the habeas hearing for petitioner's trial counsel to review his file. The habeas hearing resumed on February 27, 2007, at which time petitioner's trial counsel testified in opposition to petitioner's claims. At the conclusion of that hearing, the circuit court denied petitioner's habeas petition. Later that year, this Court refused petitioner's appeal of that ruling.

In April of 2013, petitioner, pro se, filed a second habeas petition in the circuit court (Case No. 13-C-52). Thereafter, the circuit court appointed counsel for petitioner's second habeas action, and an amended second habeas petition was filed by present counsel in which petitioner solely alleged ineffective assistance of his first habeas counsel.

In January of 2015, the circuit court held an omnibus evidentiary hearing on petitioner's amended second habeas petition. Petitioner's first habeas counsel, Mr. Willett, and petitioner testified. Petitioner argued that Mr. Willett unnecessarily delayed the first habeas proceeding for

several years, which constituted ineffective assistance of habeas counsel and prejudiced him because, at the first habeas hearing, one of petitioner's witnesses failed to remember much of the underlying trial. For his part, Mr. Willett testified that petitioner failed to sign and return the amended petition, which caused the dismissal and delay of the proceedings for approximately two years. Therefore, based on Mr. Willett's testimony, respondent argued that petitioner himself was responsible for much of the delay in his first habeas proceeding. Petitioner rebutted this contention by claiming that he had signed and returned the amended petition the day after he received it.

By order entered on February 23, 2015, the circuit court denied petitioner's amended second habeas petition. In that order, the circuit court found that Mr. Willett was not deficient in representing petitioner when the years of delay at issue were caused by petitioner's failure to sign and return the amended petition, which in turn caused the case to be dismissed. Moreover, the circuit court found that if Mr. Willett was deficient in causing a delay in the proceedings, there was no reasonable likelihood that the outcome of the proceedings would have been different but for that delay. This appeal followed.

We review the circuit court's order in a habeas action under the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner assigns error to the circuit court's finding that Mr. Willett was not constitutionally ineffective for causing several years of delay in his first habeas proceeding. With respect to our review of a claim of ineffective assistance of counsel, we have held as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). We have also explained that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n .9 (1995). Indeed, "where there is a conflict of evidence between defense counsel and the defendant, the circuit court's findings will usually be upheld." *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 327, 465 S.E.2d 416, 429 (1995).

3

In this case, the circuit court heard conflicting testimony as to the cause of much of the delay in petitioner's first habeas proceeding. Mr. Willett testified that petitioner's inaction in failing to sign and return the amended petition caused years of the delay at issue, while petitioner testified that he did not fail to act in signing and returning the amended petition. As explained above, this Court will not decide the credibility of witnesses or the weight of evidence. The circuit court properly considered the witnesses and evidence and found that petitioner's delay could not solely be attributable to Mr. Willett. Therefore, the circuit court properly found that Mr. Willett's performance was not constitutionally deficient.

Further, we have held that

> [i]n deciding ineffective of assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.

Syl. Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995). As noted by the circuit court in its final order in this matter, petitioner failed to prove that there is a reasonable probability that, but for the delay, the result of the proceedings would have been different. While it is true that the victim's mother could not remember her testimony at trial, she was able to relay her allegations of implied threats by the State to the circuit court at the habeas hearing. It is not reasonably probable that the outcome of the proceedings would have been different had the victim's mother recalled her trial testimony more clearly. Even if we assume that Mr. Willett's performance was deficient, petitioner fails to satisfy the second prong of the *Strickland* test. Therefore, based on those reasons, we find no merit to petitioner's assignment of error on appeal.

For the foregoing reasons, we affirm the circuit court's February 23, 2015, order.

Affirmed.

**ISSUED:** January 11, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4